95426.66

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
LAFAYETTE, DISTRICT

| | |
|---|---|
| USAA GENERAL INDEMNITY COMPANY,<br>    Plaintiff,<br><br>v.<br><br>LAWRENCE W. LOPER,<br>JENNIFER L. LOPER and<br>FREEDOM BANK,<br><br>    Defendants. | CASE NO.   4:21-cv-20           |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, USAA GENERAL INDEMNITY COMPANY (hereinafter "USAA"), by counsel, as and for its Complaint for Declaratory Judgment against the Defendants, Lawrence W. Loper, Jennifer L. Loper, and Freedom Bank, state as follows:

## INTRODUCTION

1. At all times relevant hereto, Plaintiff, USAA was a Texas company, licensed to issue homeowner's insurance policies in the State of Indiana.

2. This Complaint for Declaratory Judgment arises out of a fire occurring on November 7, 2020 (hereinafter "Fire") at 823 W. Shepherds Lane, Santa Claus, Spencer County, Indiana 47579 (hereinafter "Residence").

3. Upon information and belief, on November 7, 2020, Defendants, Lawrence W. Loper and Jennifer L. Loper, were legally married (hereinafter "Lopers") and owners of the Residence in Spencer County, Indiana.

4. Upon information and belief, Defendant, Freedom Bank, is an Indiana financial institution providing residential mortgage loans to individuals such as the Lopers.

5. On or about November 7, 2020, USAA had in full force and effect a policy of homeowner's insurance issued to the Lopers, policy number GIC 01730-05-13-90A (hereinafter the "Policy").  A certified copy of the Policy is attached herein as Exhibit A.

6. Upon information and belief, Freedom Bank provided a first mortgage loan to the Lopers, for the purchase of the Residence, and is therefore listed as a first mortgagee on the Policy.

## JURISDICTION AND VENUE

7. Plaintiff incorporates by references paragraphs 1 through 6 of this Complaint and further alleges and states:

8. The Court has jurisdiction over this case based on complete diversity of the parties and because the amount in controversy exceeds $75,000.00 pursuant to 28 USC §1332.

9. This Court has jurisdiction over this action pursuant to 28 USC §§2201 and 2202 insofar as USAA seeks a declaration of its rights and duties under the Policy at issue.

10. This Court has jurisdiction over Lopers' Defendants, as they are residents and citizens of Indiana residing at the Residence located in Spencer County, Indiana.

11. This Court has jurisdiction over Defendant, Freedom Bank, as it is an Indiana financial institution with its principal office located at 1405 N. Main Street, Huntingburg, Indiana 47542.

12. Venue is proper in the District under 28 USC §1391 because jurisdiction is based on diversity of citizenship and the events giving rise to this claim occurred in this District.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference paragraphs 1 through 12 of this Complaint and further alleges:

.       14.     On November 7, 2020, Jennifer Loper piled Lawrence Loper's clothing and other personal effects on the porch and intentionally set fire to the pile of clothing and personal effects.

15.     Thereafter, upon information and belief, Jennifer Loper attempted unsuccessfully to completely extinguish the pile of clothing and personal effects.

16.     On November 7, 2020, the fire spread from the pile of clothing and personal effects to the Residence causing extensive damage and rendering the Residence uninhabitable.

17.     Following the Fire, Lopers Defendants submitted a claim to USAA under the Policy for loss of the Residence and damage to personal property contained therein.

## COUNT I
### No Coverage for Intentional Acts

18.     Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint and further alleges and states:

19.     The Loper Policy issued by USAA provided that in return for payment of premiums and subject to all the terms of the Policy, USAA would provide the insurance described in the Policy including coverage for Dwelling Protection (Coverage A), Personal Property Protection (Coverage C) and Loss of Use Protection (Coverage D).

20.     The Lopers were "Insureds" as they were listed as Named Insureds under the Policy.

21.     The Policy covered "sudden and accidental" direct, physical loss to tangible property as described in Section I – PROPERTY WE COVER which included the Residence, tangible personal property owned by any insured, and loss of use up to the total policy limit, unless excluded in Section I – LOSSES WE DO NOT COVER.

22.     The Policy provided in pertinent parts in Section I – LOSSES WE DO NOT COVER:

**LOSSES WE DO NOT COVER UNDER DWELLING PROTECTION, OTHER STRUCTURES PROTECTION AND PERSONAL PROPERTY PROTECTION:**

1. We do not insure for damage consisting of or directly or indirectly by any of the following regardless of:
    (i) The cause of the excluded event or damage that; or
    (ii) Other causes of the loss that; or
    (iii) Whether the event or damage occurs suddenly or gradually, involves isolated or widespread damage, or occurs as a result of any combination of these to; or
    (iv) Whether other causes or events act concurrently or in any sequence with the excluded event to produce the loss.

\*\*\*\*\*\*\*

e. **Neglect**, by or failure of any "insured" to use reasonable means to save and preserve property at and after the time of a loss or damage or the event resulting in the loss or damage.

\*\*\*\*\*\*\*

h. **Intentional Loss**, meaning loss arising out of any act any "insured" commits or conspires to commit with the intent to cause a loss. Even "insureds" who did not commit or conspire to commit the act causing the loss are not entitled to coverage.

\*\*\*\*\*\*\*

23. Jennifer Loper setting fire to the clothing and personal effects is not a covered loss under the Policy as it was an "Intentional Loss" arising out of any act an "insured" commits or conspires to commit with the intent to cause a loss.

24. The damage to and destruction of the Residence and other personal property within the Residence is not a covered loss under the Policy as it was due to neglect by or failure of any "insured" to use reasonable means to save and preserve property at and after the time of a loss or damage or the event resulting in the loss or damage.

25. Furthermore, the damage to and destruction of the Residence and other personal property within the Residence is not a covered loss under the Policy as it was an "Intentional Loss" arising out of **_any_** act **_any_** "insured" commits or conspires to commit with the intent to

4

cause *a loss*.  Even "insureds" who did not commit or conspire to commit the act causing the loss are not entitled to coverage.  (emphasis added).

WHEREFORE Plaintiff, USAA General Indemnity Company, prays:

1.     For a declaration that policy number GIC 01730-05-13-90A provides no coverage for damage or loss to the Lopers' Residence.

2.     For a declaration that policy number GIC 01730-05-13-90A provides no coverage for damage or loss to personal property of the Lopers arising out of the Fire.

3.     For a declaration that policy number GIC 01730-05-13-90A provides no coverage for damage or loss for loss of use of the Lopers' property.

4.     For a declaration that the Lopers are not entitled to compensation or reimbursement from USAA under policy number GIC 01730-05-13-90A for the fire loss of November 7, 2020 at their Residence located in Spencer County, Indiana.

5.     For a declaration that USAA has no duty or obligation to pay the mortgage lien of Freedom Bank.

6.     And for any and all just and equitable relief as this Court deems appropriate.

                Respectfully Submitted,

                KOPKA PINKUS DOLIN PC

                By: *[signature]*

                Minh C. Wai (22780-45)
                Attorney for USAA General Indemnity Company

KOPKA PINKUS DOLIN PC
9801 Connecticut Drive
Crown Point, IN 46307
Tel. (219) 794-1888
Fax (219) 794-1892
Email:  mcwai@kopkalaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 26th day of February, 2021, the foregoing is filed through the Court's ECF system and notice has been electronically served on all counsel of record**.**

Lawrence W. Loper
Jennifer L. Loper
1202 Burberry Drive E
Apartment 168
Lafayette, IN 47905

Freedom Bank
c/o its Registered Agent
Eric R. Olinger
1405 N. Main Street
P.O. Box 177
Huntingburg, IN 47542

*/s/Frankie Burchett*