UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| USAA GENERAL INDEMNITY COMPANY,<br>    Plaintiff,<br><br>v.<br><br>LAWRENCE W. LOPER, *et al.*,<br>    Defendants. | CAUSE NO.: 4:21-CV-20-TLS-JEM |

**ORDER**

This matter is before the Court on an Uncontested Motion to Transfer [DE 16], filed by Plaintiff on June 25, 2021. Plaintiff requests that this case be transferred to the Southern District of Indiana. At a hearing on June 17, 2021, all three Defendants requested that the case be transferred.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In order for a district court to transfer a case: (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must serve the convenience of the parties and witnesses and must be in the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The applicable statute provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

This action arises out of a house fire and subsequent insurance claim that occurred in the Southern District of Indiana. The Loper Defendants represent that they were at the time of the fire and are now domiciled in the Southern District of Indiana, and Defendant Freedom Bank is also located in and subjected to personal jurisdiction in the Southern District of Indiana. *See* 28 U.S.C. § 1391(c)(2). Plaintiff is a Texas company asserting jurisdiction based on diversity of citizenship. Accordingly, the Southern District of Indiana is an appropriate venue.

Plaintiff asserts that at the time of filing venue was proper in the Northern District of Indiana because the mailing address it was given for the Loper Defendants was located in the Northern District of Indiana. However, it is not apparent that the Loper Defendants resided in the Northern District of Indiana at the time the suit was filed, and they do not reside there now. *See* [DE 9]. Accordingly, Plaintiff has not shown that venue is proper in the Northern District of Indiana. When venue is not proper, the "district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the parties agree that venue is proper in the Southern District of Indiana, the Court will transfer the case to that district.

For the foregoing reasons, the Court hereby **GRANTS** Uncontested Motion to Transfer [DE 16] and **DIRECTS** the Clerk of Court to transfer this case to the Southern District of Indiana for all further proceedings.

SO ORDERED this 28th day of June, 2021.

        s/ John E. Martin  
        MAGISTRATE JUDGE JOHN E. MARTIN  
        UNITED STATES DISTRICT COURT

cc:    All counsel of record